ALTENBERND, Judge.
The parties to this appeal are brothers. In the early 1970s, they purchased several parcels of real property in Florida. They have experienced great difficulties in this business relationship, in large part, because the terms of their relationship were never reduced to a precise written agreement.
In an effort to resolve this long disagreement, the trial court ruled that the two brothers’ relationship is a general partnership. In that partnership, Leon has been responsible for locating and managing property, and David has been responsible for providing the funds necessary to purchase property. Pursuant to the brothers’ agreement, the trial court ruled that David should receive two-thirds of the partnership profits and Leon should receive one-third of those profits. Because David had used mortgages to finance most of the acquisitions, the trial court accepted an earlier decision of an arbitrator that David’s interest expense was a personal expense and not a partnership expense. We affirm all of these decisions.
The brothers could not agree on the proper resolution of an accounting. Accordingly, the trial court conducted an accounting pursuant to section 620.665, Florida Statutes (1993). The trial court attempted to account for capital contributions, advances, partnership expenses, interest, and partnership profits. See § 620.645, Fla.Stat. (1993). Neither brother retained an accountant to assist the trial court. The resulting final judgment is the best effort of a general jurisdiction judge to serve as an accounting specialist. Unfortunately, the order departs from generally accepted accounting practices.
Following oral argument, we initially affirmed the judgment without written opinion, because we were convinced that the accounting errors were minimal, tended to offset one another, and thus were harmless. In light of the motion for rehearing, we realize that the errors may be more substantial. Moreover, the partnership still owns a valuable parcel. It is apparent that the confusion in the trial court’s accounting will inadvertently encourage ongoing disputes between the brothers over the ownership and ultimate disposition of that property. An accurate partnership accounting is needed at this time.
Accordingly, we reverse the final judgment and strike the accounting set forth in exhibit “A” to that judgment. We remand for an accounting in accordance with generally accepted accounting practices. On remand, we strongly encourage the parties to agree to the appointment of a qualified accountant as a special master to perform the accounting pursuant to Florida Rule of Civil Procedure 1.490.
Affirmed in part, reversed in part, and remanded with directions.
PATTERSON, A.C.J., and LAZZARA, J., concur.